IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Sentencing: December 13, 2011 |
| | ) | |
| v. | ) | Case No.: 1:11-mj-294 |
| | ) | |
| JANET JAENSCH, | ) | Judge Thomas Rawles Jones, Jr. |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S POSITION ON SENTENCING

The United States of America, by undersigned counsel, hereby respectfully submits its position on the sentencing of defendant Janet Jaensch. After the downward departure the government is concurrently requesting, a sentence of supervised probation for one year would be appropriate here.

On April 14, 2011, Jaensch pled guilty to a single-count Information charging her with willfully failing to file a tax return in violation of 26 U.S.C. § 7203. The Presentence Investigation Report (PSR) (Doc. 8) correctly calculates her offense level under the Sentencing Guidelines at 15, resulting in a guidelines range of 12 to 18 months imprisonment, which is capped at 12 months, the statutory maximum penalty for one count of § 7203. *See* PSR, Worksheet D. Based on her cooperation and the other circumstances of the case, the government believes that one year of supervised probation would be appropriate here.

Between 2001 and 2008, Jaensch, at her husband's urging, failed to timely file income tax returns, and between 2002 and 2009 she failed to pay taxes on her wages. *See* PSR ¶¶ 16, 18-19. This resulted in a tax loss to the United States of just over $200,000. In late 2009 and early 2010, Jaensch eventually filed tax returns. She has since begun

paying her back taxes.  As part of her plea agreement, Jaensch has also been cooperating with the government.

In addition to Jaensch's cooperation, which included the difficult act of testifying at the trial of her own husband, there are other circumstances indicating probation would not be unreasonable here.  Though it does not excuse her conduct, Jaensch's decision to stop filing tax returns was largely at her husband's prompting.  And while coming back into compliance with the tax system and paying back taxes is not a substitute for criminal punishment, these efforts do indicate that Jaensch is not likely to reoffend.  Taken together with her substantial assistance in helping in the prosecution of her husband, who is the much more culpable of the two, these factors indicate that probation would not be unreasonable here.

          Respectfully submitted,

          Neil H. MacBride
          United States Attorney

By:      /s/
      Jason H. Poole
      Special Assistant United States Attorney
      Eastern District of Virginia
      601 D Street NW
      Washington, DC 20004
      Tel:   (202) 514-0302
      Fax:  (202) 514-0961
      jason.h.poole@usdoj.gov

       /s/
      Gene Rossi
      Assistant U.S. Attorney
      United States Attorney's Office
      2100 Jamieson Avenue
      Alexandria, VA 22314
      Tel: (703) 299-3965
      Fax: (703) 299-3988
      Email: gene.rossi@usdoj.gov

**Certificate of Service**

I hereby certify that on December 9, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Jason H. Poole
                                          Special Assistant United States Attorney
                                          Eastern District of Virginia
                                          601 D Street NW
                                          Washington, DC 20004
                                          Tel:   (202) 514-0302
                                          Fax:   (202) 514-0961
                                          jason.h.poole@usdoj.gov